## UNITED STATES *v.* MERRIAM.

## UNITED STATES *v.* ANDERSON.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
SECOND CIRCUIT.

Nos. 67 and 68.  Argued October 11, 12, 1923.—Decided November
12, 1923.

1. A bequest made to an executor, to be in lieu of all compensation
   or commissions to which he would otherwise be entitled as such,
   is upon an implied condition that he clothe himself in good faith
   with the character of executor, but its payment is not conditioned
   upon actual service in that capacity.  P. 184.
2. Bequests of that kind were exempted from tax under the Income
   Tax Act of October 3, 1913, which taxes " the income from but not
   the value of property acquired by gift, bequest, devise or descent."
   *Id.*
3. Taxing statutes are not to be extended by implication beyond
   the clear import of the language used; and doubt as to the mean-
   ing of their words must be resolved against the Government and
   in favor of the taxpayer.  P. 187.
282 Fed. 851, affirmed.

CERTIORARI to judgments of the Circuit Court of Ap-
peals which reversed judgments recovered by the United
States in the District Court in actions for additional
income taxes.

*Mr. Solicitor General Beck,* with whom *Mr. Preston C.
Alexander* and *Mr. Charles T. Hendler* were on the brief,
for the United States.

"Bequest" as well in the terminology of the law as in
its general acceptation implies a bounty or gratuity and ·
not a payment; the term is donative and not compensa-
tive in its signification.  Citing, general and legal lexi-
cographers; Black. Com., (Chase's ed.) p. 609; Schouler on
Wills, 5th ed., vol. 1, p. 3; Heaton, Surrogates' Courts,
3d ed., vol. 2, p. 1283; 40 Cyc. 994; *In re Hoover's Estate,*

7 N. Y. S. 283; *In re Daly's Estate,* 89 N. Y. S. 538; *Disston* v. *McClain,* 147 Fed. 114; *Reynolds* v. *Robinson,* 82 N. Y. 103. *Orton* v. *Orton,* 3 Keyes, 486, distinguished.

It is in such sense that "bequest" is used in the Act of 1913. It appears in the act immediately after the word "gift" and before the word "descent", and so, by the rule of *noscitur a sociis,* is to be defined as a gift by will, quite apart from the fact that such is its ordinary meaning. Congress manifestly used the words "bequest, devise, or descent" to mean property given by will or descending by statutes of distribution or descent, as distinguished from property passing for a consideration. The same subparagraph of the act provides that "compensation for personal services in whatever form paid" is taxable income within the act. Contrasting the word "bequest" with these words, should resolve the doubt if any exists. If what is received is "compensation," even though paid in the form of a bequest by will, it is nevertheless taxable income, *a fortiori* when the testator expressly characterizes the bequest as compensation. If, however, it is a donative bequest, as distinguished from "compensation", it is not taxable income.

The statute manifestly does not exempt from taxation income paid in the form of a bequest. The entire net income of the taxpayer is expressly made taxable under paragraph A. The words "but not the value of property received by gift, bequest, devise, or descent" merely point out what is not income. This legislative definition has since been confirmed in *Eisner* v. *Macomber,* 252 U. S. 189, and *Merchants' Loan & Trust Co.* v. *Smietanka,* 255 U. S. 509. Under the definition of income given in those cases a bequest in the nature of a gift is not income, whereas compensation for personal services, though in the form of a bequest, is a gain derived from labor and hence income and clearly taxable under the act.

The bequests to the petitioners " in lieu of all compensation and commissions to which they would otherwise be entitled as executors or trustees" constitute "compensation for personal services" within the meaning of, and as such are taxable as income under, the Act of 1913.

In New York, at the time of decedent's death, compensation to executors and trustees was provided for by § 2753, Code Civ. Proc. In jurisdictions where statutory compensation is provided for, a testator may fix the compensation of his executor or trustee in an amount equal to, greater, or less than, that fixed by law. *Ireland* v. *Corse*, 67 N. Y. 343; *Secor* v. *Sentis*, 5 Redfield Surr. 570; *Connolly* v. *Leonard*, 114 Me. 29; *Lennig's Estate*, 53 Pa. Super. Ct. 596; 24 Corpus Juris, 989.

The respondents did not renounce the so-called bequests within the time limited, and no commissions have been allowed or paid to them, under § 2753, *supra*. Thus they have construed the bequests as testamentary compensation for their services as executors and trustees. If the bequests were not compensation, there would have been no necessity for the filing of renunciations. In that event, however, they would have received large sums by way of statutory commissions, but concedely no commissions were paid them. The reason, of course, is obvious. They were not entitled to commissions—not because by this direction of the testator they were to receive no compensation (*Matter of Vanderbilt*, 68 App. Div. 27), but because the bequests were given to the executors as compensation, and were so recognized by them.

Aside from the foregoing considerations, there can be no question that, under the authorities in this country, the amounts received by the respondents constitute compensation for the personal services to be rendered by them in their capacities of executors and trustees. *Matter of*

*Tilden,* 44 Hun, 441, 444; *Richardson* v. *Richardson,* 129
N. Y. S. 941; *Accounting of Mason,* 98 N. Y. 527; *O'Don-
oghue Estate,* 115 Misc. (N. Y.) 697; *Renshaw* v. *Wil-
liams,* 75 Md. 498; *Runyon's Estate,* 125 Cal. 195; *In re
Hays's Estate,* 183 Pa. St. 296; *Sweatman's Estate,* 223
Pa. St. 552; *Connolly* v. *Leonard,* 114 Me. 29; *Sinnott* v.
*Kenaday,* 14 App. D. C. 1; *Batchelder, Petitioner,* 147
Mass. 465; *Fletcher* v. *Hurd,* 14 N. Y. S. 388.

The cases cited in the court below in support of the
contention that the bequests to petitioners were donative
and not compensative,—*Morris* v. *Kent,* 2 Edw. Ch. 175;
*Scofield* v. *St. John,* 65 How. Pr. 292; *Harrison* v. *Row-
ley,* 4 Ves. Jr. 212; *Angermann* v. *Ford,* 29 Beav. 349;
*Lewis* v. *Mathews,* L. R. 8 Eq. 277; and *Brydges* v. *Wot-
ten,* 1 Ves. and Beam. 134,—are distinguishable.

The cases relied upon by respondents are predicated
upon the English rule that an executor is not legally en-
titled to compensation and that any amount given him
by will is necessarily a gratuity. The office of executor in
New York is not a gratuitous one. Code Civ. Proc., §
2753. The reason for the rule thus fails and with it the
rule itself.

*Mr. Roy C. Gasser,* with whom *Mr. William H. Hayes*
was on the brief, for respondents.

Mr. Justice Sutherland delivered the opinion of the
Court.

These are actions brought by the United States against
the respective defendants, to recover the amount of ad-
ditional income taxes assessed against them under the
Act of October 3, 1913, c. 16, 38 Stat. 114, 166. The per-
tinent provisions of the statute are:

"A. Subdivision 1. That there shall be levied, assessed,
collected and paid annually upon the entire net income
arising or accruing from all sources in the preceding

calendar year to every citizen of the United States, whether residing at home or abroad, and to every person residing in the United States, though not a citizen thereof, a tax of one per centum per annum upon such income. . . .

"B. That, subject only to such exemptions and deductions as are hereinafter allowed, the net income of a taxable person shall include gains, profits, and income derived from salaries, wages, or compensation for personal service of whatever kind and in whatever form paid, or from professions, vocations, businesses, trade, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in real or personal property, also from interest, rent, dividends, securities, or the transaction of any lawful business carried on for gain or profit, or gains or profits and income derived from any source whatever, including the income from but not the value of property acquired by gift, bequest, devise or descent: . . ."

The taxes were assessed upon certain legacies bequeathed to the defendants by the will of the late Alfred G. Vanderbilt. The provisions of the will which give rise to the controversy are as follows:

"Eleventh: I give and bequeath to my brother, Reginald C. Vanderbilt, Five hundred thousand dollars ($500,000); to my uncle, Frederick W. Vanderbilt, Two hundred thousand dollars ($200,000); to Frederick M. Davies, Five hundred thousand dollars ($500,000); to Henry B. Anderson, Two hundred thousand dollars ($200,000); to Frederick L. Merriam, Two hundred and fifty thousand dollars ($250,000); to Charles E. Crocker, Ten thousand dollars ($10,000); and to Howard Lockwood, One thousand dollars ($1,000)."

"Sixteenth: I nominate and appoint my brother, Reginald C. Vanderbilt, my uncle, Frederick W. Vander-

bilt, Henry B. Anderson, Frederick M. Davies, and Frederick L. Merriam executors of this my will and trustees of the several trusts created by this my will. . . . The bequests herein made to my said executors are in lieu of all compensation or commissions to which they would otherwise be entitled as executors or trustees."

The defendants qualified as executors and letters testamentary were duly issued to them prior to the commencement of these actions. The legacies were received by the respective defendants during the year 1915,—$250,000 by Merriam and $200,000 by Anderson.

Demurrers to the complaints were overruled by the District Court and judgments rendered against defendants. Upon writs of error from the Court of Appeals these judgments were reversed. 282 Fed. 851. The Government contends that these legacies are compensation for personal service within the meaning of paragraph B, quoted above.

The cases turn upon the meaning of the phrase which describes net income as " including the income from but not the value of property acquired by . . . bequest. . . ." The word " bequest " is commonly defined as a gift of personal property by will; but it is not necessarily confined to a gratuity. Thus, it was held in *Orton* v. *Orton,* 3 Keyes (N. Y.) 486, that a bequest of personal property, though made in lieu of dower, was, nevertheless, a legacy, the court saying: " Every bequest of personal property is a legacy, including as well those made in lieu of dower, and in satisfaction of an indebtedness, as those which are wholly gratuities. The circumstance whether gratuitous or not, does not enter into consideration in the definition. . . . And when it is said that a legacy is a gift of chattels, the word is not limited in its meaning to a gratuity, but has the more extended signification, the primary one given by Worcester in his dictionary, ' a thing given, either as a gratuity or as a recompense."

Without now attempting to formulate a precise defi-
nition of the meaning of the word as used in this statute,
or deciding whether it includes an amount expressly left
as compensation for service actually performed, it is
enough for present purposes to say that it does include
the bequest here under consideration since, as we shall
presently show, actual service as a condition of payment
is not required.   A bequest to a person as executor is con-
sidered as given upon the implied condition that the
person named shall, in good faith, clothe himself with
the character.   2 Williams on Executors (6th Am. ed.)
1391; *Morris* v. *Kent,* 2 Edwards Chancery, 175, 179.
And this is so whether given to him simply in this capac-
ity or for care and trouble in executing the office.   *Idem.*
And it is a sufficient performance of the condition if the
executor prove the will or unequivocally manifest an
intention to act.   *Lewis* v. *Mathews,* L. R. 8 Eq. Cas. 277,
281; *Kirkland* v. *Narramore,* 105 Mass. 31, 32; *Scofield* v.
*St. John,* 65 How. Pr. (N. Y.) 292, 294–296; *Morris* v.
*Kent, supra; Harrison* v. *Rowley,* 4 Vesey, 212, 215.

In *Morris* v. *Kent, supra* (p. 179) it is said:

"A legacy to an executor even expressed to be for care
and pains, is not to be regarded in the light of a debt or
as founded in contract, or to be governed by the principles
applicable to contracts. . . .   When a legacy is given
to a person in the character of executor, so as to attach
this implied condition to it, the question generally has
been upon the sufficient assumption of the character to
entitle the party to the same.   The cases establish the
general rule that it will be a sufficient performance of
the condition, if the legatee prove the will with a bona
fide intention to act under it or unequivocally manifest
an intention to act in the executorship, as, for instance,
by giving directions about the funeral of the testator, but
is prevented by death from further performing the duties
of his office."

Decisions are cited in the Government's brief which, it is said, establish a contrary rule. These decisions, however, we are of opinion, are clearly differentiated from the case under consideration. Some of them are with reference to testamentary provisions specifically fixing the amount of compensation for services to be rendered while others deal with the question whether the executor is entitled to receive statutory compensation in addition to the amount named in the will. In *Matter of Tilden*, 44 Hun, 441, for example, the will directed that: "In lieu and exclusion of all other commissions and compensation to my executors for performing their duties under this will . . . I authorize them to receive from my estate the following commissions, namely: " The court, construing this provision, said: "The provisions in the will were intended to be as compensation for services rendered, to be in no respect a gift, but an authority to charge for their services a certain sum."

Again, in *Richardson* v. *Richardson*, 129 N. Y. S. 941, the will was interpreted as directing the payment of compensation. Especial stress was laid upon the fact that the will did not purport to "give" or "bequeath" to the executors the amounts fixed, and, adopting the language of the court in the *Tilden Case*, it was said that the provisions of the will were intended as an "'authority to charge for their services a certain sum.' The compensation provided by the will is not a legacy, and does not abate with the legacies, but is compensation, carefully determined by the testator and directed to be paid for the services to be rendered, and is therefore to be paid in full."

It is obvious that in this class of cases the right depends upon the actual performance of the service and the amount fixed is in no sense a legacy but is purely compensative.

*In Renshaw* v. *Williams*, 75 Md. 498, the court held that where a bequest had been made in lieu of commis-

sions in a sum larger than the commissions would amount to, it must be treated as full compensation for the entire administration of the estate by the same person, though part of it passed through his hands as administrator *pendente lite* and part as executor.

In *Connolly* v. *Leonard,* 114 Me. 29, a devise was made " in lieu of any payment for services as executor or trustee," with the provision that it was so to be accepted and understood. The court held that in view of this language, the executor was not entitled to commissions in addition to the property devised.

The foregoing are illustrative of the cases relied upon, and, apart from some general language, which we are unable to accept as applicable to the present case, none of them, in principle, is in conflict with the conclusion we have reached. The distinction to be drawn is between compensation fixed by will for services to be rendered by the executor and a legacy to one upon the implied condition that he shall clothe himself with the character of executor. In the former case he must perform the service to earn the compensation. In the latter case he need do no more than in good faith comply with the condition in order to receive the bequest; and in that view the further provision that the bequest shall be in lieu of commissions is, in effect, nothing more than an expression of the testator's will that the executor shall not receive statutory allowances for the services he may render.

The word " bequest " having the judicially settled meaning which we have stated, we must presume it was used in that sense by Congress. *Kepner* v. *United States,* 195 U. S. 100, 124; *The Abbotsford,* 98 U. S. 440, 444.

On behalf of the Government it is urged that taxation is a practical matter and concerns itself with the substance of the thing upon which the tax is imposed rather than with legal forms or expressions. But in statutes levying taxes the literal meaning of the words employed is most

important, for such statutes are not to be extended by implication beyond the clear import of the language used. If the words are doubtful, the doubt must be resolved against the Government and in favor of the taxpayer. *Gould* v. *Gould*, 245 U. S. 151, 153. The rule is stated by Lord Cairns in *Partington* v. *Attorney-General*, L. R. 4 H. L. 100, 122:

"I am not at all sure that, in a case of this kind—a fiscal case—form is not amply sufficient; because, as I understand the principle of all fiscal legislation, it is this: If the person sought to be taxed comes within the letter of the law he must be taxed, however great the hardship may appear to the judicial mind to be. On the other hand, if the Crown, seeking to recover the tax, cannot bring the subject within the letter of the law, the subject is free, however apparently within the spirit of the law the case might otherwise appear to be. In other words, if there be admissible in any statute, what is called an equitable construction, certainly such a construction is not admissible in a taxing statute, where you can simply adhere to the words of the statute." And see *Eidman* v. *Martinez*, 184 U. S. 578, 583.

We are of opinion that these bequests are not taxable as income under the statute, and the judgment below is

*Affirmed.*