DUDLEY S. DEAN *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

FRANK BREWSTER *vs.* SAME.

Suffolk. January 7, 1927. — March 4, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Tax*, On income: legacy to executor. *Devise and Legacy*, To executor.

The executor of a will which contains the provision: "I give and bequeath to each of my executors the sum of Fifteen Thousand Dollars ($15,000) the same to be received by them in lieu of all commissions or charges for their services as such executors," upon receiving that sum is not subject to an income tax thereon under G. L. c. 62, § 5, the language of the will showing that the intention of the testator was to make a gift to the executor upon the implied condition that he would qualify as such and that he should not receive compensation for any services rendered by him.

Two COMPLAINTS, filed in the Superior Court under G. L. c. 62, § 47, on December 23, 1924, for the abatement of income tax.

The respondent demurred in each case. The demurrers were heard by *McLaughlin,* J., who ordered them overruled and reported the cases to this court for determination.

The cases were submitted on briefs.

*J. R. Benton,* Attorney General, *& A. Lincoln,* Assistant Attorney General, for the respondent.

*R. E. Tibbetts,* for the complainants.

CROSBY, J. These are two complaints brought under G. L. c. 62, § 47, for the abatement of an income tax assessed against the complainants on income received during the year 1923. A demurrer filed by the respondent in each case was overruled and the cases reported for determination by this court.

The complainants are executors under the will of one Arthur B. Emmons. The eighth paragraph of the will contained the following provision: "I give and bequeath to each of my executors the sum of Fifteen Thousand Dollars ($15,000) the same to be received by them in lieu of all commissions or charges for their services as such executors." Under the foregoing provision the sum of $5,000 was received by each executor in 1923. The respondent assessed against each a tax of one and one half per cent on the amount so received, and a further tax of ten per cent of that tax under St. 1923, c. 487, § 6. It is the contention of the respondent that the amount received by each complainant was received as compensation for services performed; and that it was taxable as income derived from an employment. G. L. c. 62, § 5, provides in part that "Income of the following classes received by any inhabitant of the Commonwealth during the preceding calendar year shall be taxed as follows: . . . (b) The excess over two thousand dollars of the income, as defined in section six, derived from professions, employments, trade or business shall be taxed at the rate of one and one half per cent per annum . . . ." The primary question to be decided is the intention of the testator as expressed in

the bequests given to the executors.   If he intended that such bequests were to be compensation for services, they are taxable; if on the other hand he intended that the executors should take on their qualification as executors regardless of thereafter rendering services, then the amounts received cannot be held to be in the nature of compensation.

It is plain that the amounts received under the bequests are not income from any profession, trade or business, within the meaning of the statute; if received as income under the statute, they must be found to be income from "employments."   In express terms the will describes the amount to be received as a gift and a bequest to each executor; and unless and until the complainants accepted the trust and qualified, neither was entitled to any portion thereof.   There is nothing in the language of the will, however, making their right to receive the legacies dependent upon the performance of any duties in their official capacity; it was only upon the implied condition that they should "clothe themselves with the character in respect of which the benefits were intended for them."   *Kirkland* v. *Narramore*, 105 Mass. 31, 32.   The will was duly proved and allowed and they qualified as executors.   It is to be assumed that they acted in good faith in accepting the office with the intention of discharging its duties, and no contention is made to the contrary.   In these circumstances there was a sufficient performance of the condition and they were entitled to receive the sums bequeathed. *United States* v. *Merriam*, 263 U. S. 179.

The case of *United States* v. *Merriam, supra*, arose under the Federal income tax act of October 3, 1913, c. 16, 38 Sts. at Large, 114, 167, which taxes "income from but not the value of property acquired by gift, bequest, devise, or descent."   The provisions of the will considered in that case in one paragraph gave specific legacies to seven persons. In another paragraph five of those persons were named as executors and trustees with the following additional provision:  "The bequests herein made to my said executors are in lieu of all compensation or commissions to which they would otherwise be entitled as executors or trustees."   (Page 184.)   The persons so named qualified as executors and trus-

tees before the commencement of the proceedings in that case, and the court held that the bequests were given only upon the implied condition that they clothe themselves in good faith with the character of executors, but that payment thereof was not conditioned upon the rendering of any service. In reaching this conclusion it was said at page 187: "The distinction to be drawn is between compensation fixed by will for services to be rendered by the executor and a legacy to one upon the implied condition that he shall clothe himself with the character of executor. In the former case he must perform the service to earn the compensation. In the latter case he need do no more than in good faith comply with the condition in order to receive the bequest; and in that view the further provision that the bequest shall be in lieu of commissions is, in effect, nothing more than an expression of the testator's will that the executor shall not receive statutory allowances for the services he may render." The cases of *Richardson* v. *Richardson*, 145 App. Div. (N. Y.) 540, *Matter of Tilden*, 44 Hun, 441, *Connolly* v. *Leonard*, 114 Maine, 29, *Renshaw* v. *Williams*, 75 Md. 498, cited by the respondent, were referred to in *United States* v. *Merriam*, *supra*. It was there said, at page 186, in referring to the first two cases cited: "It is obvious that in this class of cases the right depends upon the actual performance of the service and the amount fixed is in no sense a legacy but is purely compensative."

The decision in *Batchelder, petitioner*, 147 Mass. 465, is not pertinent to the facts in the case at bar, and is distinguishable from *Clarke* v. *Treasurer & Receiver General*, 226 Mass. 301.

The language of the will clearly shows that the intention of the testator was to make gifts to the complainants upon the implied condition that they should qualify as executors, and that they should not receive compensation for any services rendered by them. The demurrer in each case was rightly overruled, and in accordance with the report each complainant is to have an abatement of $82.50, with interest from October 9, 1924, and costs.

*So ordered.*