Campbell, Ghief Justice,
delivered the opinion of the court:
This is a suit to recover taxes paid, which the Commissioner of Internal Eevenue refused to refund. The statute under which the taxes were exacted is expressed in the revenue act of 1918, 40 Stat. 1122; as follows:
“ There shall be levied, assessed, collected, and paid upon the following articles * * * a tax equivalent to the following percentages' * * * (9) Candy, 5 per centum.”
The regulations of the commissioner promulgated in May, 1919, defined “ candy ” as follows:
“Art. 22. Candy — Candy within the meaning of the act includes chocolate creams, bonbons, gumdrops, jelly drops, *294 jelly beans, imperials, caramels, stick candy, lozenges, taffies, candy kisses, wafers, fudges, or Italian creams, nougats, peanut brittle, sugared almonds, chocolate-covered fruits and nuts, glacé or candied fruits and nuts, popcorn, and other cereals or cereal products mixed with or covered with molasses, sugar or other sweetening agent, hard candies, plain and chocolate-covered marshmallows, candy cough drops, and sweetened licorice not taxed as cough drops, sweet chocolate and sweet milk chocolate whether plain or mixed with fruits or nuts; and all similar articles however designated.”
The question presented is whether stuffed dates are taxable as candy under the act and regulations. The dates were prepared for market by a process described as follows: The seed of each date was removed and in its place the half of the kernel of a pecan was inserted. The dates were then sprinkled with granulated .sugar to prevent them adhering or sticking together when packed. No process was used for the purpose of candying the sugar or forming a glacé. When prepared, as stated, the dates were packed in containers of different sizes and sold in boxes of seven and fifteen pounds and also in cardboard cartons of two sizes containing two ounces and ten ounces of dates. They were all similarly prepared. The commissioner ruled that the dates sold in the larger containers of seven and fifteen pounds were not taxable as candy and the Government concedes th.is is correct. The Government also concedes that the use of the sugar for the purpose mentioned does not make the product candy but insists that the dates packed in the smaller containers are candy within the meaning of the taxing act. The reasoning that makes the line of separation between dates and candy lie in the size of the containers .is not easy to follow. If an article in a small box be candy it would seem that more of the same article in a large box would also be candy. The regulation does not include dates, such as we find here, -unless we give a very unusual meaning to its concluding clause, “ and all similar articles however designated.” It mentions candies and a number of candied articles, fruits, nuts, etc., but “ candied ” .involves generally a treatment of sugar or molasses by the application of heat. The phrase in the regulation must refer to the kind of things *295 already mentioned. The definitions by the lexicographers do not confuse candy with fruit, such as the date. Candy is one of the confectioneries, but all confections are not candy. The sale of the dates, prepared as shown here, in small containers, if conceded to be sold as confections does not constitute a sale of candy. The tax in question is an excise tax laid on various articles and things, among them candy. The quantitative method of determining the character of this article is not what' the statute contemplates. The word should be interpreted according to its clear import. It has been declared that in statutes levying taxes the literal meaning of the words employed is most important because such statutes are not to be extended by implication beyond the clear import of the language used. Merriam case, 263 U. S. 179, 187; Gould v. Gould, 245 U. S. 151, 153. The plaintiff should have judgment. And it is so ordered.
Moss, Judge; Graham, Judge; and Booth, Judge, concur.