**COOPER v. REYNOLDS (two cases).**
**COOPER et al. v. SAME.**
Nos. 2062–2064.

District Court, D. Wyoming.
April 7, 1932.

Corthell, McCollough & Corthell, of Laramie, Wyo., for plaintiffs.

Albert D. Walton, U. S. Atty., of Cheyenne, Wyo., John R. Wheeler, Sp. Atty., of Seattle, Wash., and C. M. Charest, Gen. Counsel, and Percia E. Miller, Sp. Atty., both of Washington, D. C., Bureau of Internal Revenue, for defendant.

KENNEDY, District Judge.

These are cases in which the plaintiffs are seeking to recover income taxes assessed by the Commissioner in the nature of deficiencies and paid under protest; appropriate demands having been subsequently made to refund the same and refused. After issues were joined, the causes were tried and submitted together upon a stipulation of facts, jury being waived. Trial briefs have been filed.

The matter raises a rather controversial point of law which will undoubtedly invite a review by an appellate court, so that an extended rehearsal of the facts by this court would seem unnecessary in the light of their being stipulated. Suffice it to say that the question presented for determination is, as to whether or not the plaintiffs as beneficiaries under a trust created by the will of one Arthur Francis Thomas Cooper are entitled to an allowance for a depletion as applied to their proportionate shares of funds accruing from oil royalties collected by said trust and distributed to them as such beneficiaries. Such depletion was claimed by plaintiffs for various years, extending from the year 1923 to the year 1928, and under the stipulation, as I view it, the amounts sought to be recovered by the plaintiffs are the identical amounts paid as taxes by said plaintiffs under protest, representing the deductions for depletion, the computation of such depletion not being in dispute. Except as there may be possible corrections to be made on account of tax computations, the same general principle underlies the determination of the question as a matter of law in each case, and therefore this memorandum will not discuss details.

The various income tax statutes under which the Commissioner purported to assess the tax for the several years are substantially the same as applied to the point under consideration.

The will, so far as its pertinent portions are here concerned, provides as follows:

"14. I give devise and bequeath all the residue of my real and personal estate and effects whatsoever and wheresoever (including as well real as personal estate over which I may have any general power of appointment or disposition by will) unto and to the use of my trustees Upon trust that my trustees shall sell call in collect and convert into money the said real and personal estate and premises at such time or times and in such manner as they shall think fit (but as to reversionary property not until it falls into possession unless it shall appear to my trustees that an earlier sale shall be beneficial) and so that they shall have the fullest power and discretion to postpone the sale calling in and conversion of the whole or any part or parts of the said premises during such period as they shall think proper and to retain the same or any part thereof in its present form of investment without being responsible for loss and shall out of the moneys to arise from such calling in or conversion pay my funeral and testamentary expense and debts and the legacies and annuities bequeathed by this my will or any codicil hereto and make provision for the duty on any legacies or annuities bequeathed free of duty and shall hold the residue of such moneys after payment of legacy duty thereon as to the first sixty thousand pounds thereof Upon trust to pay two-third shares thereof to my son Richard Francis Cooper absolutely and the remaining one third share thereof to my son John Hartshorn Cooper absolutely and as to the next sixty thousand pounds thereof. Upon trust to pay one equal third share to each of my said children Richard Francis Cooper John Hartshorn Cooper and Barbara Violet Cooper but so that the share of the said Barbara Violet Cooper shall be held upon the trusts declared by clause 15 hereof and as to the residue (if any) Upon the trusts declared concerning the first sixty thousand pounds."

"15. I hereby declare that my trustees shall stand possessed of the monies (except the monies appointed to her by clause 12 hereof) bequeathed by this my will to my daughter Barbara Violet Cooper or the investments for the time being representing the same Upon trust to invest the same in any of the securities authorized by this my will with full power to sell and transpose such investments and upon further trust to pay the annual income arising from such investments to my said daughter for her life but without power of anticipation and from and after her death Upon trust for all or such one or more exclusively of the

others or other of the children or remoter issue of my said daughter such remoter issue to be born and take vested interests within twenty-one years after her death at such age or time or respective ages or times if more than one in such shares and with such future or other trusts for their benefit and such provisions for their respective advancement either in lifetime or after the death of my said daughter and maintenance and education at the discretion of my trustees or any other person or persons and in such manner in all respects as my said daughter shall by any deed or deeds revocable or irrevocable or by will or codicil appoint and in default of and subject to any such appointment Upon trust for all or any the children or child or the issue of any deceased child of my said daughter who being males shall attain the age of twenty-one years or being females shall attain the age or marry if more than one in equal shares but so that the issue of any deceased child shall take equally between them per stirpes the share their parent would have taken had he or she survived my said daughter.

"16. I hereby declare that in the event of my daughter dying without leaving any issue her surviving my trustees shall hold the said trust premises upon trust for such one or more of my children or remoter issue as shall be living at the death of my daughter at such age or time or respective ages or times if more than one in such shares and with such future and other trusts for their benefit and such provisions for their respective advancement and maintenance and education at the discretion of my trustees or any other person or persons and in such manner in all respects as my said daughter shall by will or codicil appoint and in default of and subject to any such appointment upon trust for such of my children and the issue of any deceased child as shall be living at the death of my daughter who being males shall attain the age of twenty-one years or being female shall marry under that age and if more than one in equal shares and so that the division shall be per stirpes and not per capita  Provided that any share appointed to any child of mine or my said daughter or his or her issue under the powers contained in this or the preceding clause shall in default of appointment to the contrary be brought into hotchpot by such child in the division of the un-appointed part of the said trust premises.

"17. I declare that if any of my said children shall die in my lifetime leaving a child or children or remoter issue him or her surviving who being males or a male shall attain the age of twenty-one years or being females or a female shall attain that age or marry then and in such case such child children or remoter issue shall take the share legacy or property which his her or their parent would have taken had he or she survived me if more than one in equal shares per stirpes and not per capita.

"18. I hereby declare that in the event of my daughter Barbara Violet Cooper predeceasing me leaving no issue who shall take her share legacy or property under the terms of the preceding clause then I declare that such share legacy or property shall be held by my trustees upon trust for my said two sons Richard Francis Cooper and John Hartshorn Cooper in equal shares and I declare that in the event of either of the said Richard Francis Cooper or John Hartshorn Cooper predeceasing me without leaving issue who shall take the share legacy or property devised and bequeathed to them under the terms of the preceding clause then I declare that such share legacy or property shall be held by my trustees Upon trust for the survivor of them absolutely."

As I view the situation here presented, the determining factor in the matter of the validity of the tax is as to whether the plaintiffs as beneficiaries under said trust have or have not an interest in the corpus covered by the trust. If they have such an interest, the depletion is properly deductible and the tax is improperly assessed; while on the contrary, if they have no interest in such corpus, the depletion charged is not deductible and the taxes are proper.

That the disagreement arises over oil royalties of which the testator was possessed and the proceeds from which have subsequently come into the trust is not in dispute. The income tax figures were arrived at by the fiduciary deducting from the royalties the properly computed depletion which in turn was claimed in proportionate amounts by the beneficiaries in the computation of their income.

The provisions of the will concerning the trust features, construed as free from legal technicality, amount to the mere passing of the income accruing from the royalties through the trust to the beneficiaries, and therefore, in substance, the situation is the same as though the beneficiaries were receiving such royalties direct, in which latter situation there could be no doubt that the beneficiaries would be entitled to a deduction by way of appropriate depletion in connection.

with this class of property. To hold other-wise would mean in substance that such bene-ficiaries were paying a tax on property, which is not within the contemplation nor is it per-missible under the provisions of the Six-teenth Amendment and the statutes enacted thereunder.

Further elaboration of the views of this court concerning the rule of law to be applied to the trust under consideration would serve no useful purpose. I am unable to distin-guish on principle this case from the case of Merle-Smith v. Commissioner (C. C. A.) 42 F.(2d) 837, in which case certiorari was de-nied by the Supreme Court. 282 U. S. 897, 51 S. Ct. 182, 75 L. Ed. 791. Depletion was there allowed the beneficiaries.

It should be remembered that tax statutes in case of doubt are most strongly construed against the government, Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211; United States v. Merriam, 263 U. S. 179, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547; Burnet v. Niagara Falls B. Co., 282 U. S. 648, 51 S. Ct. 262, 75 L. Ed. 594; and that in applying the provisions of the in-come tax laws matters of form should be dis-regarded for those of substance, United States v. Phellis, 257 U. S. 156, 42 S. Ct. 63, 66 L. Ed. 180.

Upon the submission of the cases, each of the parties filed motions for judgments in his favor. The motions of the plaintiffs for the reasons hereinbefore stated will be sus-tained, and the motions of the defendant will be overruled, reserving to him proper excep-tions. Judgments may be submitted in favor of the plaintiffs through collaboration of counsel within thirty days from the date here-of in each of the cases.