SEATTLE ·FIRST NAT. BANK v. HENRICKSEN.*

BOYNS v. SAME.

Nos. 8548, 8549.

District Court, W. D. Washington, S. D.
July 27, 1938.

*Rehearing denied Oct. 4, 1938.

Kumm & Hatch, of Seattle, Wash., for plaintiff Seattle First Nat. Bank.

Green & Burnett, of Seattle, Wash., for plaintiff Boyns.

J. Charles Dennis, U. S. Atty., and Oliver Malm, Asst. U. S. Atty., both of Tacoma, Wash., and Thomas R. Winter, Sp. Atty., Bureau of Internal Revenue, of Seattle, Wash. (James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and Jerome P. Carr, Sp. Assts. to Atty. Gen., on the brief), for defendant.

CUSHMAN, District Judge.

The statute in question (Section 42 of the Revenue Act of 1934, c. 277, 73rd Cong., 2d Sess., 48 Stat. 694, 26 U.S.C.A. § 42) provides:

"§ 42. Period in which items of gross income included.

"The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. In the case of the death of a taxpayer there shall be included in computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death if not otherwise properly includible in respect of such period or a prior period."

The word "accruing" has been found to have a meaning as descriptive of income, which, if adopted, requires judgments in favor of plaintiffs. Edwards v. Keith, D.C., 224 F. 585, affirmed, 2 Cir., 231 F. 110, L.R.A.1918A, 498, certiorari denied, 243 U.S. 638, 37 S.Ct. 402, 61 L.Ed. 942. Cited with approval in United States v. Safety Car Heating & Lighting Co., 297 U.S. 88–98, 56 S.Ct. 353–358, 80 L.Ed. 500; Woods v. Lewellyn, 3 Cir., 252 F. 106, affirmed, D.C., 289 F. 498. See also Workman v. Commissioner of Internal Revenue, 7 Cir., 41 F.2d 139. Cited with approval in United States v. Safety Car Heating & Lighting Co., 297 U.S. 88–98, 56 S.Ct. 353–358, 80 L.Ed. 500; Helvering v. Russian Finance & Construction Corporation, 2 Cir., 77 F.2d 324.

Any reasons suggested do not warrant a departure from but rather an adherence to such construction. Reiche v. Smythe, 13 Wall. 162–164, 165, 20 L.Ed. 566; The Abbotsford, 98 U.S. 440–444, 25 L.Ed. 168; Kepner v. United States, 195 U.S. 100–124, 24 S.Ct. 797, 49 L.Ed. 114; United States v. Merriam, 263 U.S. 179–187, 44 S.Ct. 69–71, 68 L.Ed. 240, 29 A.L.R. 1547.

While the precise expression contained in Sec. II A, Subdivision 1 of the Act of 1913 (38 Stat. 166) considered by the courts in Edwards v. Keith, supra and Woods v. Lewellyn, supra, is not contained in Section 42, the difference shows no changed intention in the particular in question.

Judgments will be for plaintiffs as prayed.

Any orders, findings of fact, conclusions of law and judgments will be settled upon notice.

The clerk is directed to notify the attorneys for the parties of the filing of the foregoing decision.