STOCKHOLMS ENSKILDA BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 55755. Promulgated April 29, 1932.

*Truman Henson, Esq.*, for the petitioner.

*O. J. Tall, Esq.*, for the respondent.

### OPINION.

MARQUETTE: The petitioner is a foreign corporation, organized and existing under and by virtue of the laws of the Kingdom of Sweden, with its principal office in said country, and has no office or place of business in the United States. During the year 1927 petitioner received from the United States Government the sum of $8,683.91 as interest on a refund of Federal income taxes theretofore overpaid for a prior year. The Commissioner increased petitioner's income for the year 1927 by including therein said sum of $8,683.91; and on account of such increase determined a deficiency in the sum of $1,173.32, from which determination the petitioner brings this appeal.

The only question for decision is whether interest paid by the United States to a nonresident foreign corporation on a refund of Federal income taxes in 1927 is a part of gross income from sources within the United States as defined in section 217 (a) (1) of the Revenue Act of 1926.

Section 233 of the Revenue Act of 1926 provides as follows:

(b) In the case of a foreign corporation, gross income means only gross income from sources within the United States, determined (except in the case of insurance companies subject to the tax imposed by sections 243 or 246) in the manner provided in section 217.

Section 217 (a) of the Revenue Act of 1926 provides in part as follows:

(a) In the case of a nonresident alien individual * * * the following items of gross income shall be treated as income from sources within the United States:

(1) Interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, not including (A) interest on deposits with persons carrying on the banking business paid to persons not engaged in business within the United States and not having an office or place of business therein, * * *

Subdivision (c) of the said section 217 provides in part as follows:

(c) The following items of gross income shall be treated as income from sources without the United States:

(1) Interest other than that derived from sources within the United States as provided in paragraph (1) of subdivision (a).

Section 284 (a) of the Revenue Act of 1926 provides:

Where there has been an overpayment of any income, war-profits, or excess-profits tax * * *, the amount of such overpayment shall * * * be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance of such excess shall be refunded immediately to the taxpayer.

Section 1116 of the Revenue Act of 1926 provides in part:

(a) Upon the allowance of a credit or refund of any internal-revenue tax erroneously * * * collected * * * interest shall be allowed and paid on the amount of such credit or refund at the rate of 6 per centum per annum from the date such tax * * * was paid to the date of the allowance of the refund * * *.

The petitioner rests its case on two propositions, (1) that interest paid by the United States Government upon a refund of Federal income taxes is not "interest on bonds, notes or other interest-bearing obligations" within the purview of section 217 (a) (1) of the act, and invokes the rule of *ejusdem generis* to support its contention; and (2) that in any event, the interest is not upon the obligations " of residents, corporate or otherwise," for the reason that the United States is not a "resident" within the intent and meaning of the statute.

It is at once apparent that all interest, even though concededly from sources within the United States, is not to be treated as interest from sources within the United States, for subdivision (c) (1) of section 217 provides that interest other than that derived from sources within the United States as provided in paragraph (1) of subdivision (a) shall be treated as income from sources without the United States. Therefore to constitute gross income from sources within the United States the interest herein must be brought within the provisions of said paragraph (1) of subdivision (a).

We think the petitioner's first contention can not be sustained. The rule of *ejusdem generis* is but an aid in the construction of a statute, and the rule must give way where the statute manifests a contrary purpose. Reading this subdivision as a whole, we think it is apparent that the Congress did not intend to restrict the inclusion to interest on obligations of a like character as bonds or notes, for it speaks of interest on deposits of a particular character which are not included, manifesting an intention that interest on other deposits should be included. The words "other interest-bearing obligations"

should not, therefore, be restricted to obligations of a like character as bond or notes.

The petitioner's second contention seems to contain more of merit. The statute provides for inclusion of interest on "interest-bearing obligations of residents, corporate or otherwise," and petitioner argues that even if the interest received is interest upon an interest-bearing obligation within the meaning of the statute, nevertheless, the obligation is not that of a resident, corporate or otherwise. In other words, its proposition is that the United States is not a "resident," and that the term can not be applied to a sovereign or government.

In *State* v. *Inhabitants of the City of Trenton*, 40 N. J. L. 89, the Supreme Court of New Jersey held that indebtedness to the state could not be deducted from the taxable value of property under a statute permitting the deduction of indebtedness to residents. The court said, in part:

> It is only by the greatest latitude of construction that we can say that the state resides within the state. The word "residing" refers to individual abode, though it is sometimes used figuratively. It will not apply to the state in its representative and governmental relation to its citizens. The people, as individuals, reside in the state, but the political body called the state cannot be said, in the proper use of language, to reside anywhere.

In *Consorzio Veneziano di Armamento e Navigazione*, 21 B. T. A. 984, 988, this Board had occasion to discuss the question of whether interest paid on an award of just compensation to a foreign corporation came within the statute, and it was there said:

> In our opinion, even if the amount constituted interest, it was not interest on bonds, notes or other interest-bearing obligations of residents, corporate or otherwise. It would be a strained construction to say in the first place that the United States was a resident, corporate or otherwise, of the United States. Wherever in the statute obligations of the United States are referred to they are referred to specifically as "obligations of the United States." The expression "resident" in its ordinary acceptance does not refer to the Government itself and the language in the statute "resident, corporate, or otherwise," we think should be given its ordinary and generally accepted meaning.

However, if this be a doubtful construction of the statute, we think the rule should be applied that the taxing statutes must be strictly construed, and if there be doubt as to the proper construction, that doubt must be resolved in favor of the taxpayer. *United States* v. *Merriam*, 263 U. S. 179; *Reinicke* v. *Northern Trust Co.*, 278 U. S. 339; *Burnet* v. *Niagara Falls Brewing Co.*, 282 U. S. 648.

In *United States* v. *Merriam, supra,* the Supreme Court said:

> On behalf of the government it is urged that taxation is a practical matter and concerns itself with the substance of the thing upon which the tax is imposed rather than with legal forms or expressions. But in statutes levying

taxes the literal meaning of the words employed is most important for such statutes are not to be extended by implication beyond the clear import of the language used. If the words are doubtful, the doubt must be resolved against the government and in favor of the taxpayer.

We are therefore of opinion that the interest paid to the petitioner herein on a refund of Federal income taxes should not be treated as income from sources within the United States, within the purview of section 217 (a) (1) of the Revenue Act of 1926.

*Decision of no deficiency will be entered.*