BRITISH-AMERICAN TOBACCO COMPANY, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41224. Promulgated December 6, 1932.

*H. H. Shelton, Esq.*, and *H. M. Robertson, Esq.*, for the petitioner.
*C. C. Holmes, Esq.*, and *John D. Foley, Esq.*, for the respondent.

OPINION.

STERNHAGEN : The respondent determined deficiencies of $12,600.20 for 1925 and $182,832 for 1926 in the income tax of the petitioner, a foreign corporation. The facts are stipulated and are, in essence, that in the years in question the petitioner received from the United States stipulated amounts of interest upon refunds of overpayments

---

of income and profits taxes paid for 1917, 1918, and 1919, which respondent has determined were within petitioner's taxable income. This determination the petitioner challenges and cites *Stockholms Enskilda Bank*, 25 B. T. A. 1328. That decision decides precisely the same issue; and in accordance therewith, the respondent's determination is reversed.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

TRAMMELL concurs in the result.

LOVE, concurring: I concur in the prevailing opinion in this case, but as it is based entirely on the opinion and decision in the *Stockholms Enskilda Bank* case, and as I believe that case, while correct in result, was based on unsound grounds, I here desire to set forth my views.

I agree with the dissenting opinion of Smith, Member, on the proposition that the Government of the United States is a resident within the territorial limits of the United States.

As pointed out by the Supreme Court in *Van Brocklin* v. *State of Tennessee*, 117 U. S. 151, the Government of the United States is a " great corporation," ordained and established by the American people in their sovereign capacity as an agency of government, to exercise, and empowered to exercise, on behalf of the sovereign, certain governmental functions, and that " corporation's " domicile, or residence, is within, and coextensive with, the territorial limits of the United States. See *United States* v. *Borcherling*, 185 U. S. 223.

I do not agree with the result of the Smith dissenting opinion or with the ground upon which the *Stockholms Enskilda Bank* case was decided, for the reason that, even assuming for the sake of argument that the words " obligations of residents, corporate or otherwise " used in section 217 (a) (1), *supra*, could be construed as meaning " obligations of the United States," it has been held, in *American Viscose Corp.* v. *Commissioner*, 56 Fed. (2d) 1033, that a refund by the United States of illegal taxes was not an " obligation of the United States " and that, therefore, the interest received by the Viscose Corporation on such refund was not exempt from taxation under section 213 (b) (4) of the Revenue Act of 1926, which provided that " the term ' gross income ' does not include the following items, which shall be exempt from taxation  *  *  *  interest upon  *  *  *  (C) the obligations of the United States  *  *  *." That issue was the controlling issue in the case, and the Supreme Court denied certiorari on October 10, 1932.

In the instant case, section 233 (b) provides that " In the case of a foreign corporation, gross income means only gross income from

sources within the United States, determined  *  *  *  in the manner provided in section 217." Section 217 (a) provides that "the following items of gross income shall be treated as income from sources within the United States: (1) Interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise" and subdivision (c) provides that, "The following items of gross income shall be treated as income from sources *without* the United States: (1) Interest other than that derived from sources within the United States as provided in paragraph (1) of subdivision (a)  *  *  *." In other words, unless the interest in the instant case be brought within the provisions of section 217 (a) (1), *supra*, it is not subject to tax under the specific provisions of the statute. The interest in question was not interest on a bond or a note, and, as decided in the *American ·Viscose Corp.* case, it was not interest upon an "obligation of the United States." The term "obligation" can not mean one thing under section 213 and an entirely different thing under section 217 of the same act.

BLACK agrees with this concurring opinion.

SMITH, dissenting: Section 233 of the Revenue Act of 1926 provides in part as follows: .

(b) In the case of a foreign corporation, gross income means only gross income from sources within the United States, determined (except in the case of insurance companies subject to the tax imposed by sections 243 or 246) in the manner provided in section 217.

Section 217 provides, in part, as follows:

(a) In the case of a nonresident alien individual  *  *  *  the following items of gross income shall be treated as income from sources within the United States:

(1) Interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, not including (A) interest on deposits with persons carrying on the banking business paid to persons not engaged in business within the United States and not having an office or place of business therein,  *  *  *

*       *       *       *       *   ·   *       *

(c) The following items of gross income shall be treated as income from sources without the United States:

(1) Interest other than that derived from sources within the United States as provided in paragraph (1) of subdivision (a).

The prevailing opinion of the Board holds, in accordance with *Stockholms Enskilda Bank*, 25 B. T. A. 1328, that the interest paid on refunds of Federal income taxes is not income from sources within the United States within the purview of section 217 (a) (1), above quoted. In that case we denied the petitioner's contention that the interest thus received was not on "interest-bearing obligations" within the purview of section 217 (a) (1), but gave judgment for the petitioner upon the ground that the United States was not

a "resident" of the United States within the contemplation of the applicable provision of the statute. With this conclusion I can not agree.

The manifest intention of the statute was to include in the income of foreign taxpayers interest upon all obligations where the interest was paid by corporations or other payors which might be classed as "residents." The statute then provides in subdivision (c) of section 217 that all other interest received by nonresidents shall be regarded as from sources without the United States. It seems to me utterly incompatible with a reasonable construction of the statute that interest paid by the United States Government is to be regarded as from a source without the United States, and that is necessarily the conclusion of the Board in the *Stockholms Enskilda Bank* case. I can see no reason for construing the statute as exempting from income tax the interest paid on refunds of Federal income taxes received by foreign corporations transacting business and having an office in the United States, as was the petitioner, and subjecting to tax a domestic corporation in similar circumstances, as was done in *American Viscose Corp.*, 19 B. T. A. 937; affirmed by the Circuit Court of Appeals for the Third Circuit in *American Viscose Corp.* v. *Commissioner*, 56 Fed. (2d) 1033.

If the United States is not a "resident" of the United States within the contemplation of the statute, of what country is it a "resident?" In *Van Brocklin* v. *State of Tennessee*, 117 U. S. 151, the Supreme Court, quoting Chief Justice Marshall, said:

\* \* \* The United States is a government, and consequently a body politic and corporate, capable of attaining the objects for which it was created, by the means which are necessary for their attainment. This great corporation was ordained and established by the American people and endowed by them with great powers for important purposes. \* \* \*

In *United States* v. *Borcherling*, 185 U. S. 223, 233, it was stated:

In *Vaughn* v. *Northrup*, 15 Pet. 1, Mr. Justice Story, delivering the opinion of the court, said: "The debts due from the government of the United States have no locality at the seat of government. The United States in their sovereign capacity have no particular place of domicile, but possess, in contemplation of law, an ubiquity throughout the United States; and the debts due by them are not to be treated like the debts of a private debtor, which constitute local assets in his own domicile," and accordingly it was held, in that case, that "the administrator of a creditor of the government duly appointed in the State where the creditor was domiciled at the time of his death, has full authority to receive payment and give a full discharge of the debt due his intestate in any place where the government may choose to pay it, whether it be at the seat of government or at any other place where the public funds are deposited; and that moneys so received constituted assets \* \* \*."

See also *Mackey* v. *Coxe*, 18 How. 100, 105; *Wyman* v. *Halstead*, 109 U. S. 654. I am of opinion that interest received by a foreign

corporation upon refunds of Federal income taxes paid by the United States Government constitutes income from a source within the United States within the meaning of the statute.

SEAWELL agrees with the above dissent.

MATTHEWS, dissenting: I am unable to concur in the majority opinion in this case, because I think the decision in *Stockholms Enskilda Bank*, 25 B. T. A. 1328, upon which it rests, is wrong.

The decision in the *Stockholms Bank* case rests on the view that, although section 217 (a) (1) is not limited to interest on obligations similar to bonds and notes, interest paid by the United States on a refund of tax does not come within such provision because the United States is not a resident of the United States, and, therefore, that such interest comes within subsection (c) 1, and is to be treated as income from a source without the United States. To hold that interest paid by the United States Government is to be treated as from a source without the United States is to construe the statute as exempting such interest from tax when paid to a nonresident alien or foreign corporation.

It is a well settled rule that exemptions from taxation must be express and must be strictly construed. The rule as to the proper construction of doubtful statutes, which was invoked in the *Stockholms Bank* case, is not the rule to be applied in determining exemptions from taxation.

In *Bank of Commerce* v. *Tennessee*, 161 U. S. 134, the Supreme Court said:

These cases show the principle upon which is founded the rule that a claim for exemption from taxation must be clearly made out. Taxes being the sole means by which sovereignties can maintain their existence, any claim on the part of any one to be exempt from the full payment of his share of taxes on any portion of his property must on that account be clearly defined and founded upon plain language. There must be no doubt or ambiguity in the language used upon which the claim to the exemption is founded. It has been said that a well founded doubt is fatal to the claim; no implication will be indulged in for the purpose of construing the language used as giving the claim for exemption, where such claim is not founded upon the plain and clearly expressed intention of the taxing power.

The rule was reaffirmed in *Theological Seminary* v. *Illinois*, 188 U. S. 662, 672, in these words:

The rule is that, in claims for exemption from taxation under legislative authority, the exemption must be plainly and unmistakably granted; it cannot exist by implication only; a doubt is fatal to the claim.

The rule was discussed fully in this Board's decision in *Kansas City Southern Ry. Co.*, 16 B. T. A. 665.

The question involved can not be decided by looking only at subsections (a) 1, and (c) 1, of section 217, as was done in the *Stock-*

*holms Bank* case, nor even by looking merely at all of section 217. The statute as a whole must be taken into consideration.

Reading the statute as a whole, it plainly intends to tax non-resident aliens and foreign corporations on net income from sources within the United States. Section 217 contains the rules for determining the *source* of items of gross income, and the manner in which net income from sources in the United States is to be computed. It also exempts one item of gross income from a source within the United States, namely, interest on deposits in banks in the United States, when such income is paid to a nonresident alien individual or a nonresident foreign corporation. But "gross income" is defined in section 213. Subsection (a) of section 213 enumerates various items which the term "gross income" includes. Interest is an item specifically included. Subsection (b) enumerates certain items of income which are not included in the term "gross income" and which are specifically exempted from tax.

. Among the items of gross income enumerated in subsection (b) as exempt from tax is interest on "obligations of the United States," but in the case of obligations of the United States issued after September 1, 1917, such exemption applies only if and to the extent provided by the act authorizing the issue thereof. Subsection (b) (4) (C). It has been held that the expression "obligations of the United States," as used in section 213 (b) (4) (C), in connection with the word "issued," has acquired a restricted meaning and that the exemption of such obligations and the interest thereon is based on the policy of safeguarding the public credit, and is strictly limited to this object. *Kansas City Southern Ry. Co.* v. *Commissioner, supra;* affirmed on this point, 52 Fed. (2d) 372; certiorari denied, 284 U. S. 676. It has also been held that interest on a refund of income tax is not interest on an "obligation of the United States," within the meaning of this provision of section 213 (b), but is taxable under section 213 (a). *American Viscose Corp.*, 19 B. T. A. 937; affd., 56 Fed. (2d) 1033; certiorari denied, 287 U. S. 615.

Demonstrably, then, such interest as is here involved is not exempted under section 213 (b). It is taxable income in nature. The only question left is whether it is gross income from a source within the United States. Viewed from the standpoint of fact and logic, to say that the Government of the United States, which is the "source" of the interest here involved, is not within the United States, would be to utter a palpable absurdity. The *imperium* or sovereignty of the United States is coextensive with its territorial domain, and the United States as a body politic and corporate exists or resides within that domain. An obligation issuing from it, which is created by its will and consent, must, therefore, derive

from a "source within the United States." Consequently, I have no difficulty in reaching the conclusion that the interest here in question is within the meaning of section 217 (a) 1. Certainly, any intention to exempt such an item of income on the part of Congress would have to be plainly and unmistakably expressed. There is no such expression. If it had been the intention to exempt all interest paid by the United States to nonresident aliens and foreign corporations, Congress could have written in such exemption just as it has written in the exemption of interest on bank deposits paid to nonresident aliens and nonresident foreign corporations.

If a technical argument were necessary to achieve the desired end, it might be pointed out that under section 3220 of the Revised Statutes, as amended by the Revenue Act of 1926, " The Commissioner of Internal Revenue * * * is authorized to remit, refund, and pay back all taxes erroneously or illegally assessed or collected," and under section 1116 interest, at the rate of 6 per cent per annum from the date such tax was paid to the date of the allowance of the refund, is to be allowed and paid on such refund. The Commissioner is an officer of the United States. Congress has imposed on him the duty and lodged in him the power to assess and collect all income taxes. It is his duty to refund all unlawful or erroneous exactions of taxes. The refund is his obligation. He is the " source." He is a resident of the City of Washington, the seat of the Federal Government, and certainly within the ambit of section 217 (a) 1.

That the Commissioner is to be treated as the " source " of the interest paid by the United States on a refund, also appears from section 221, the provisions of which, except as to rate of withholding, are made applicable to nonresident foreign corporations by section 237. Section 221, entitled " Payment of Individual's Tax at Source," provides:

All persons, in whatever capacity acting, including * * * all officers and employees of the United States, having the control, receipt, custody, disposal, or *payment of interest* (except interest on deposits with persons carrying on the banking business paid to persons not engaged in business in the United States and not having an office or place of business therein), * * * of any nonresident alien individual, * * * shall (except in the cases provided for in subdivision (b) and except as otherwise provided in regulations prescribed by the Commissioner under section 217) deduct and withhold from such * * * income a tax equal to 5 per centum thereof. [Italics mine.]

The Commissioner has not issued any regulations under section 217 relieving officers and employees of the United States from the duty of withholding the tax from the items of income specified in section 221. It would seem, therefore, that tax should have been withheld at the source from the interest paid on the refunds made to the Stockholms Enskilda Bank, a nonresident foreign corporation.

The possibilities of a tax-free yield of 6 per cent to foreign corporations and nonresident aliens, which the decision in the *Stockholms Bank* case opens up, will not be overlooked, particularly by resident foreign corporations. Under our system of self-assessment, there is nothing to prevent such corporations from including in the return of income and paying income tax on items of foreign income or, even for that matter, tax-exempt income from United States sources, such as interest on Liberty Bonds and municipal bonds, knowing full well that a claim for refund filed within the statutory period, two years, based on the erroneous inclusion in gross income of items of income from sources without the United States and items of tax-exempt income, will be allowed and that the amount of such refund will draw interest at the rate of 6 per cent from the date the tax was paid to the date of the allowance. The statute does not now require that the tax be paid under protest in order to obtain a refund.

In the instant case the parties stipulated that the petitioner, a resident foreign corporation, received in 1925 a refund of Federal income and profits taxes for 1917, and at the same time interest on such refund in the amount of $132,407.17; and that in 1926 the petitioner received a refund of income and profits taxes for 1918 and 1919 and interest upon such refund in the amount of $1,394,357.64.

If the above amounts had been paid to a citizen, resident, or domestic corporation, they would have been taxed. There is no reason of public policy why they should not be taxed when paid to a nonresident alien or a foreign corporation. They are from a source in the United States—the Government itself. The statute does not expressly exempt such interest from tax. I think, therefore, the decision in the *Stockholms Enskilda Bank* case should be overruled, and judgment found for the respondent in this case.