### PARROTT et al. v. McLAUGHLIN.
### No. 6952.

Circuit Court of Appeals, Ninth Circuit.
Oct. 23, 1933.

F. Eldred Boland and Knight, Boland & Riordan, all of San Francisco, Cal., for appellants.

I. M. Peckham, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

SAWTELLE, Circuit Judge.

Appellants filed suit to recover from appellee the sum of $47,609.49, with interest, being the amount of estate taxes alleged to have been illegally collected by appellee from appellants, on the ground that both the assessment and the collection thereof were barred by the statute of limitations.

A general demurrer to the complaint was sustained, appellants failed to plead further, and judgment of dismissal was entered; followed by this appeal.

The facts are not in dispute. The pertinent events, in order of time, are as follows:

March 1, 1922, Mary Emilie Parrott, a resident of the county of San Mateo, state of California, died testate, leaving therein real and personal property.

August 31, 1923, her executors filed federal estate tax return and paid the tax thereon.

August 12, 1925, the Commissioner of Internal Revenue gave notice of a deficiency in the payment of the tax due under the Revenue Act of 1921 (42 Stat. 227).

October 9, 1925, the executors appealed to the Board of Tax Appeals from the determination of the commissioner.

November 18, 1926, the cause was heard before the Board of Tax Appeals.

June 6, 1927, the Board of Tax Appeals sustained the commissioner's determination that there was a deficiency in said estate tax in the sum of $46,643.41.

November 10, 1928, the executors appealed to this court to review the decision of the Board of Tax Appeals.

January 28, 1928, no bond having been filed to stay assessment, the commissioner made assessment of $46,643.41.

April 14, 1928, the executors paid the additional tax under protest.

February 4, 1929, this court affirmed the decision of the Board of Tax Appeals.

February 3, 1931, the commissioner rejected the claim for refund of the additional tax.

As stated by appellants, "There is, of course, only one error complained of and that is the error in sustaining the demurrer to the complaint, with the consequent dismissal of the case upon failure of the plaintiffs to amend."

This specification in turn involves the question of the running of the statute of limitations upon the assessment and collection of the estate tax during the pendency of the appeal to the Board of Tax Appeals. This question was not raised before the board, nor before this court on the prior appeal, although, according to appellants' contention here, the statute of limitations had run against the tax before the board entered judgment in favor of the commissioner on June 6, 1927.

Appellants having failed to file the bond on appeal to this court, as required by section 1001 of the Act of 1926 (26 USCA § 1224 and note), the commissioner made the assessment on January 28, 1928.

Appellants invoke the principle announced by the Supreme Court in Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211, regarding the construction of the income tax act of 1913. In that case the court said: "In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen."

Other cases cited in support of this principle are: United States v. Field, 255 U. S. 257, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461; United States v. Merriam, 263 U. S. 179, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547; Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. 156.

■ In the instant case, however, we must not overlook another principle, equally well established by the same court, namely: "Stat-

utes of limitation sought to be applied to bar rights of the government [unlike statutes levying taxes], must receive a strict construction in favor of the government. United States v. Whited & Wheless, Ltd. [246 U. S. 552, 38 S. Ct. 367, 62 L. Ed. 879], supra." Dupont de Nemours & Co. v. Davis, 264 U. S. 456, 462, 44 S. Ct. 364, 366, 68 L. Ed. 788.

In the case of United States v. Whited & Wheless, 246 U. S. 552, 561, 38 S. Ct. 367, 368, 62 L. Ed. 879, the court, interpreting a limitation statute, said: "Fundamental to the interpretation of the statute which the answering of this question renders necessary, lies the rule of law settled 'as a great principle of public policy' that the 'United States, asserting rights vested in them as a sovereign government, are not bound by any statute of limitations, unless Congress has clearly manifested its intention that they should be so bound.' * * *"

Both of these cases were followed and cited by Judge Mack, speaking for the Circuit Court of Appeals for the Sixth Circuit, in W. P. Brown & Sons Lumber Co. v. Commissioner, 38 F.(2d) 425, 428, in which Judge Mack said: "Statutes imposing limitations upon action by the United States are to be strictly construed in favor of the government."

The case of United States v. Whited & Wheless, supra, was cited by the Supreme Court in Independent Coal & Coke Co. v. U. S., 274 U. S. 640, 650, 47 S. Ct. 714, 71 L. Ed. 1270, and the case of Dupont de Nemours & Co. v. Davis, supra, was cited by the same court in Phillips v. Commissioner, 283 U. S. 590, 603, 51 S. Ct. 608, 75 L. Ed. 1289.

In the case of Loewer Realty Co. v. Anderson (C. C. A. 2) 31 F.(2d) 268, 269, the court said: "Statutes of limitation barring the collection of taxes must receive a strict construction in favor of the government."

See, also, Imhoff-Berg Silk Dyeing Co. v. United States (D. C.) 43 F.(2d) 836, 840.

The pertinent sections of the Acts of 1924 and 1926 are set forth in the foot note.[1]

It is not disputed that the tax in question was imposed upon the estate by the Revenue Act of 1921 (42 Stat. 227, c. 136), and became due on March 1, 1923. Appellants contend, however, that the period of limitation prescribed for the assessment of the tax was four years, and that that period expired March 1, 1927. Revenue Act of 1921, § 1322, 42 Stat. 315.

The Board of Tax Appeals was created by the Revenue Act of June 2, 1924, 43 Stat. 336, § 900 (26 USCA §§ 1211, 1213 and 1214 notes, 1215, 1216 to 1222 notes), and appellants appealed to said board under the provisions of said act.

Section 1100 (a) of the Revenue Act of 1924 repealed the Act of 1921, subject to the limitations provided in subdivisions (b) and (c). (43 Stat. 352.) Subdivision (b), 12 USCA § 1260 provides that the parts of the Act of 1921 so repealed shall (except as provided in §§ 280 and 316 and except as otherwise provided in the Act of 1924) remain in force for the assessment and collection of all taxes imposed by the Act of 1921. Said section 316 of the Act of 1924, 26 USCA § 1118 note, provides that: "If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any estate tax imposed by the Revenue Act of * * * 1921, * * * the amount which should be assessed * * * shall be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations * * * as in the case of taxes imposed by Part I of this title, except that the period of limitation prescribed in section 1009 shall be applied in lieu of the period prescribed in subdivision (a) of section 310."

Section 1009 (a) of the Act of 1924 provides that except as provided in sections 277, 278, 310, and 311, all taxes shall be assessed within four years after such taxes became due; whereas, section 310 (a) provides that

---

[1] Revenue Act of 1924:
"Sec. 308. (a) If the Commissioner determines that there is a deficiency in respect of the tax imposed by Part I of this title, the executor, except as provided in subdivision (d), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. Within 60 days after such notice is mailed the executor may file an appeal with the Board of Tax Appeals established by section 900." (43 Stat. 308 [26 USCA § 1101 note]).
"Sec. 310. (a) Except as provided in section 311 and in subdivision (b) of section 308 and in subdivision (b) of section 312, the amount of the estate taxes imposed by Part I of this title shall be assessed within four years after the return was filed,

and no proceeding in court for the collection of such taxes shall be begun after the expiration of five years after the return was filed." (43 Stat. 310 [26 USCA § 1110 note]).
"Sec. 310. * * * (b) The period within which an assessment is required to be made by subdivision (a) of this section in respect of any deficiency shall be extended (1) by 60 days if a notice of such deficiency has been mailed to the executor under subdivision (a) of section 308 and no appeal has been filed with the Board of Tax Appeals, or (2) if an appeal has been filed, then by the number of days between the date of the mailing of such notice and the date of the final decision by the Board." (43 Stat. 310 [26 USCA § 1110 note]).
"Sec. 316. If after the enactment of this Act the Commissioner determines that any assessment should

all taxes shall be assessed within four years after the return was filed.

As we interpret sections 316 and 1009 (a) while changing the period within which an assessment of the tax is required to be made, they do not pretend to strike down or destroy subdivision (b) of section 310, which extends the time within which the assessment is to be made if an appeal be filed by the taxpayer with the Board of Tax Appeals. On the contrary, section 1009 (a) expressly excepts section 310 (a) from its operation, thus tolling the statute of limitations.

The Act of 1926, § 1200 (a), repealed certain parts of the Act of 1924, including the estate tax, subject, however, to the limitations set forth in subdivision (b). 44 Stat. 125 (26 USCA § 1a note). This subdivision provides that the parts which are repealed shall, except as provided in sections 283 and 318, remain in force for the assessment and collection of all taxes imposed by the Act of 1924.

Section 318 (a), 26 USCA § 1118 (a) is similar to section 316 of the Act of 1924, except that it includes a gift tax as well as an estate tax, provides for a tax notice of the amount proposed to be assessed under § 308 (a) of the act, and provides that, " * * * except that in the case of an estate tax imposed by the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921,

or by any such Act as amended, the period of limitation prescribed in section 1109 of this Act shall be applied in lieu of the period prescribed in subdivision (a) of section 310."

Section 318 (b), 26 USCA § 1118 (b) provides: "If before the enactment of this Act any person has appealed to the Board of Tax Appeals under subdivision (a) of section 308 of the Revenue Act of 1924 (if such appeal relates to a tax imposed by Title III of such Act or to so much of an estate tax imposed by any of the prior Acts enumerated in subdivision (a) of this section as was not assessed before June 3, 1924), and the appeal is pending before the Board at the time of the enactment of this Act, the Board shall have jurisdiction of the appeal. In all such cases the powers, duties, rights, and privileges of the Commissioner and of the person who has brought the appeal, and the jurisdiction of the Board and of the courts, shall be determined, and the computation of the tax shall be made, in the same manner as provided in subdivision (a) of this section, except as provided in subdivision (h) of this section and except that the person liable for the tax shall not be subject to the provisions of subdivision (a) of section 319."

Section 310 (b) of the Acts of 1924 and 1926, respectively, read as follows:

"(b) The period within which an assessment is required to be made by subdivision

be made in respect of any estate tax imposed by the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, the amount which should be assessed (whether as deficiency or additional tax or as interest, penalty, or other addition to the tax) shall be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand) as in the case of the taxes imposed by Part I of this title, except that the period of limitation prescribed in section 1009 shall be applied in lieu of the period prescribed in subdivision (a) of section 310." (43 Stat. 312 [26 USCA § 1118 note]).

"Sec. 1009. (a) Except as provided in sections 277, 278, 310, and 311, and subdivisions (b) and (c) of this section, all internal-revenue taxes shall, notwithstanding the provisions of section 3182 of the Revised Statutes or any other provision of law, be assessed within four years after such taxes became due, and no proceeding in court for the collection of such taxes shall be begun after the expiration of five years after such taxes became due." (43 Stat. 341 [26 USCA § 105 and note]).

"Sec. 1100. (a) The following parts of the Revenue Act of 1921 are repealed, to take effect (except as otherwise provided in this Act) upon the enactment of this Act, subject to the limitations provided in subdivisions (b) and (c):

"Title II (called 'Income Tax') as of January 1, 1924;

"Title IV (called 'Estate Tax'); * * *

"Sections * * * 1322 * * * (being certain administrative provisions).

"(b) The parts of the Revenue Act of 1921 which are repealed by this Act shall (except as provided in sections 280 and 316 and except as otherwise specifically provided in this Act) remain in force for the assessment and collection of all taxes imposed by such Act, and for the assessment, imposition, and collection of all interest, penalties, or forfeitures which have accrued or may accrue in relation to any such taxes. * * *" (43 Stat. 352).

Revenue Act of 1926:

"Sec. 310. (a) Except as provided in section 311, the amount of the estate taxes imposed by this title shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of three years after the return was filed." (44 Stat. 77, 26 USCA § 1110 (a).

"Sec. 310. * * * (b) The running of the statute of limitations provided in this section or in section 311 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 308) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court, and for 60 days thereafter." (44 Stat. 77, 26 USCA § 1110 and note.)

"Sec. 318. (a) If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any estate or gift tax imposed by the Revenue Act of 1917, the Revenue Act of 1918, the Revenue Act of 1921, or the Revenue Act of 1924, or by any such Act as amended, the Commissioner is authorized to send by registered mail to the person liable for such tax notice of the

(a) of this section in respect of any deficiency shall be extended (1) by 60 days if a notice of such deficiency has been mailed to the executor under subdivision (a) of section 308 and no appeal has been filed with the Board of Tax Appeals, or (2) if an appeal has been filed, then by the number of days between the date of the mailing of such notice and the date of the final decision by the Board." (43 Stat. 310, 26 USCA § 1110 note.)

"(b) The running of the statute of limitations provided in this section or in section 311 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 308) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court, and for 60 days thereafter." (44 Stat. 77, 26 USCA § 1110 and note.)

Appellants contend that "the periods of limitations set up in section 1009 (a) of the 1924 act and in section 1109 (a) of the 1926 act were not extended by the provisions of section 310 (b) of either act during the pendency of the appeal."

With this contention we cannot agree. We are of the opinion that a fair interpretation of the two acts in question lead to the opposite conclusion. If it be conceded that sections 316 and 1009 (a) of the Act of 1924 and sections 318 (a) and 1109 of the Act of 1926, changed the period of limitations generally within which the assessment is required to be made, it does not follow that the period of limitation is not extended and the statute is not tolled during the pendency of an appeal to the Board of Tax Appeals. Clearly, we think, section 310 (b) of said acts, when considered in connection with sections 308 (a) and 318 (b), provide for a suspension of the running of the statute during the pendency of an appeal and are applicable to estate taxes imposed by the Act of 1921.

Furthermore, section 318 (j) of the Act of 1926 (26 USCA § 1118j) seems applicable here and to lend support to the proposition that the Congress recognized section 310 (b) as tolling the statute, not only in cases arising under the 1926 Act, but under prior acts of Congress as well. That section reads as follows: "In the case of any estate or gift tax imposed by prior Act of Congress, in computing the period of limitations provided in section 310 or 311 of this Act on the making of assessments and the beginning of distraint or a proceeding in court, the running of the statute of limitations shall be considered to have been suspended (in addition to the period of suspension provided for in subdivision (b) of section 310) for any period prior

___

amount proposed to be assessed, which notice shall, for the purposes of this Act, be considered a notice under subdivision (a) of section 308 of this Act. In the case of any such determination the amount which should be assessed (whether as deficiency or additional tax or as interest, penalty, or other addition to the tax) shall be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand and the provisions prohibiting claims and suits for refund) as in the case of a deficiency in the tax imposed by this title, except that in the case of an estate tax imposed by the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, the period of limitation prescribed in section 1109 of this Act shall be applied in lieu of the period prescribed in subdivision (a) of section 310." (44 Stat. 81, 26 USCA § 1118).

"Sec. 318. * * * (b) If before the enactment of this Act any person has appealed to the Board of Tax Appeals under subdivision (a) of section 308 of the Revenue Act of 1924 (if such appeal relates to a tax imposed by Title III of such Act or to so much of an estate tax imposed by any of the prior Acts enumerated in subdivision (a) of this section as was not assessed before June 3, 1924), and the appeal is pending before the Board at the time of the enactment of this Act, the Board shall have jurisdiction of the appeal. In all such cases the powers, duties, rights, and privileges of the Commissioner and of the person who has brought the appeal, and the jurisdiction of the Board and of the courts, shall be determined, and the computation of the tax shall be made, in the same manner as provided in subdivision (a) of this section, except as provided in subdivision (h) of this section and except that the per-

son liable for the tax shall not be subject to the provisions of subdivision (a) of section 319." (44 Stat. 82, 26 USCA § 1118).

"Sec. 1109. (a) Except as provided in sections 277, 278, 310, and 311—

"(1) Notwithstanding the provisions of section 3182 of the Revised Statutes or any other provision of law, all internal-revenue taxes shall (except as provided in paragraph (2) or (3) of this subdivision) be assessed within four years after such taxes became due, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of five years after such taxes became due." (44 Stat. 114, 26 USCA § 105 and note).

"Sec. 1200. (a) The following parts of the Revenue Act of 1924 are repealed, to take effect (except as otherwise provided in this Act) upon the enactment of this Act, subject to the limitations provided in subdivision (b): * * *

"Part I of Title III (called 'Estate Tax'); * * *

"Sections * * * 1009 * * * (being certain administrative provisions).

"(b) The parts of the Revenue Act of 1924 which are repealed by this Act shall (except as provided in sections 283 and 318 and except as otherwise specifically provided in this Act) remain in force for the assessment and collection of all taxes imposed by such Act, and for the assessment, imposition, and collection of all interest, penalties, or forfeitures which have accrued or may accrue in relation to any such taxes, and for the assessment and collection, to the extent provided in the Revenue Act of 1924, of all taxes imposed by prior income, war-profits, or excess-profits tax acts, and for the assessment, imposition, and collection of all interest, penalties, or forfeitures which have accrued or may accrue in relation to any such taxes. * * *" (44 Stat. 125 [26 USCA § 1a note]).

to the enactment of this Act during which the Commissioner was prohibited from making the assessment or beginning distraint or proceeding in court." 44 Stat. 84.

There was no error in sustaining the demurrer to appellants' complaint; and the judgment of the District Court is affirmed.