J. EDWARD MURRAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FREDERICK C. MCCORMACK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LIZZIE MAY PARKER, EXECUTRIX OF THE ESTATE OF WILLIAM H. PARKER, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MERCANTILE TRUST COMPANY OF BALTIMORE AND J. STANLEY HEUISLER, EXECUTORS OF PHILIP I. HEUISLER, DECEASED, AND MARIE HILDA HEUISLER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDNA L. HINDES, EXECUTRIX OF JOSEPH F. HINDES, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 88629, 88630, 88631, 88632, 88633.

Promulgated July 12, 1938.

*Vernon Cook, Esq.*, for the petitioners.
*Timothy G. Histon, Esq.*, for the respondent.

## OPINION.

SMITH: The respondent's position in all of these proceedings is that the amounts which the petitioners received from the trust in the taxable year 1934 represented compensation for services performed by the petitioners in their capacity as executors and trustees and that the amounts, upon their payment to the petitioners as compensation, lost their character as dividends, tax exempt interest, etc., and became earned income taxable at both the normal and surtax rates. The petitioners reported the amounts in their income tax returns as taxable at the surtax rates only in so far as they represented dividends from domestic corporations.

Argument is made by the respondent in his brief that the language contained in the first and eighteenth items of the will set out in part above can be construed:

\* \* \* only as a testamentary fixing by the testator of the compensation to be paid to his executors and trustees for expected services, conclusive proof of which is found in "Item Four" of the first codicil of the last will and testament of the decedent where it is stated that the distributions such as were received by the petitioners or their decedents herein were intended as compensation for services as trustees and executors.

It is to be observed that item fourth of the first codicil relates only to the testator's attorney, Vernon Cook, who is not one of the petitioners in these proceedings. However, it was plainly the testator's intention that his attorney should occupy the same relationship in respect of the trust as the other executors and trustees. In item first the interest given to the executors and trustees in the trust fund was referred to as "their full compensation in lieu of all commissions to them either as trustees or executors" and in item eighteenth the provision is that "they shall receive in lieu of the usual commissions the share of income given them out of the trust fund by the first paragraph of this will."

It is to be observed, too, that the testator's wife and daughter were given exactly the same status with respect to the trust estate as were the other executors and trustees except that they were each to receive 35½ percent of the trust income instead of 1 percent as were all the others. The respondent does not contend that the distributions of

income to the widow and daughter were compensation for services performed by them as executors and trustees, but concedes that they were not. A number of other relatives of the testator who were not named as executors and trustees and who are not before us as petitioners were given 1 and 2 percent each of the trust income—a granddaughter was given 6 percent—in the same provisions of the will (item first) under which the petitioners took. Nowhere in the will is there to be found any manifestation of an intention on the testator's part that the gifts to the other executors and trustees were of any different character from those to the wife and daughter.

In the construction of wills it is a cardinal rule to carry out the intention of the testator if possible. *Hardenbergh* v. *Ray*, 151 U. S. 112; *Smith* v. *Bell*, 31 U. S. 68; *Newlin* v. *Mercantile Trust Co. of Baltimore*, 161 Md. 622; 158 Atl. 51. And the will must be construed as a whole. *Lane* v. *Vick*, 44 U. S. 463; *Walker* v. *First Trust & Savings Bank*, 12 Fed. (2d) 896; *Gossett* v. *Swinney*, 53 Fed. (2d) 772; *Dahlgren* v. *Pierce*, 270 Fed. 507; *Safe Deposit & Trust Co. of Baltimore* v. *Hutton*, 159 Md. 50; 149 Atl. 689. "In giving a construction to a will, all the parts of it should be examined and compared; and the intention of the testator must be ascertained, not from a part, but the whole of the instrument." *Lane* v. *Vick*, *supra*.

A will and its codicils are to be construed together as one instrument and all of the provisions brought into harmony if possible. *Daniels & Fisher Realty Co.* v. *Kenyon*, 261 Fed. 407; *McClelland* v. *Rose*, 208 Fed. 503.

Where the same or similar words are used in different parts of a will they will be given the same meaning unless it clearly appears that the testator intended otherwise. *Grieves* v. *Grieves*, 132 Md. 300; 103 Atl. 572; *Martin* v. *Erdman*, 124 Md. 668; 93 Atl. 212.

Considering all of the executors and trustees as occupying the same status with respect to the trust, as clearly we must, it follows that the 71 percent of the trust income which was paid to the widow and daughter was also compensation for services rendered if the 1 percent paid to each of the petitioners is to be so treated. This is, of course, an absurdity which as a matter of construction should be avoided if possible.

Further provisions of the will support the view that the trustees were not given their interests in the trust fund as compensation. They were to receive the distributions during the entire life of the trust and upon its dissolution they were to receive the same percentages of the corpus. The share of any deceased trustee was to go to his or her survivors or successors. Thus it appears quite clearly that the amounts to be paid to the trustees were not for the quantum of services rendered by them.

It is also significant that Walter W. White, a stepson-in-law of the testator, who under the original will was to receive 1 percent of the trust income, did not have his share increased by reason of being appointed an executor and trustee under the third codicil of the will.

The respondent attempts to distinguish *United States* v. *Merriam*, 263 U. S. 179, upon which the petitioners strongly rely. There, the testator made certain bequests to his executors and trustees, with the provision that:

* * * The bequests herein made to my said executors are in lieu of all compensation or commissions to which they would otherwise be entitled as executors or trustees.

Holding that the bequests were legacies and were not compensation for services rendered as executors and trustees, the Supreme Court said:

* * * A bequest to a person as executor is considered as given upon the implied condition that the person named shall, in good faith, clothe himself with the character, 2 Williams on Executors (6th Am. Ed.) 1391; *Morris* v. *Kent*, 2 Edw. Ch. 175, 179. And this is so whether given to him simply in this capacity or for care and trouble in executing the office. Id. And it is a sufficient performance of the condition if the executor prove the will or unequivocally manifests an intention to act. * * *

* * * * * * *

* * * The distinction to be drawn is between compensation fixed by will for services to be rendered by the executor and a legacy to one upon the implied condition that he shall clothe himself with the character of executor. In the former case he must perform the service to earn the compensation. In the latter case he need do no more than in good faith comply with the condition in order to receive the bequest; and in that view the further provision that the bequest shall be in lieu of commissions is, in effect, nothing more than an expression of the testator's will that the executor shall not receive statutory allowances for the services he may render.

The facts here are strikingly parallel to those in the *Merriam* case and we find no support for the distinction urged by the respondent.

The testator's will as a whole clearly shows, we think, that it was his intention to make bequests of the trust income to all of the named beneficiaries and that by reason of such bequests the executors and trustees were to receive no compensation for their services. The amounts distributed to the petitioners from the trust income during the taxable year were not compensation and to the extent that they represent dividends from domestic corporations they are not taxable at the normal rate.

The respondent points out that in the original estate tax return filed on behalf of the testator there was a claim for the deduction from the gross estate of $250,000 as executors' fees. Under a compromise agreement $45,534.66 of that amount was finally allowed,

which represented $25,534.66 paid to the State of Maryland as a tax on commissions and $20,000 which was an arbitrary amount allowed as executors' fees. The evidence is to the effect, however, that no executors' fees were ever paid. These facts, if at all material, do not alter our views that the distributions of trust income to the petitioners were not made as compensation for services.

*Judgments will be entered under Rule. 50.*