Estate of George F. Thompson, Deceased, Warner F. Thompson, Executor v. Commissioner.
Estate of George F. Thompson v. Commissioner
Docket No. 20114.
United States Tax Court
1950 Tax Ct. Memo LEXIS 314; 9 T.C.M. (CCH) 21; T.C.M. (RIA) 50007; January 10, 1950
Warner F. Thompson, Executor, for the petitioner. Thomas R. Charshee, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: A deficiency in income tax for the year 1944 in the amount of $3,252.93 is partly in issue. The only questions left for us are whether $5,000 received during his lifetime by petitioner's decedent was income or a bequest and, if the former, whether it comes within the provisions of section 107, Internal Revenue Code. Only the first question need be dealt with as we view the case. [The Facts] All of the facts have been stipulated and we find them accordingly. Decedent, an attorney, filed his income tax returns for the year 1944 with the collector of internal revenue for the twenty-eighth district of New York. Prior to his death he had been executor *315 of the Estate of Edgar Knapp, who died August 27, 1931. Knapp's will, after placing all his property in trust with his executor to pay the income to Knapp's widow for her life, left certain specific bequests, including a further trust. There then appears the provision giving rise to this controversy, which reads as follows: "THIRD: In case my estate remaining at the decease of my said wife * * * shall exceed sufficient to pay the foregoing bequests, then I give and bequeath to my said trustee the sum of Five Thousand Dollars, which I hereby direct shall be retained by him as compensation for services in addition to such legal fees or commissions as he shall be entitled to receive. * * *" Upon the wife's death in 1944 decedent paid to himself the sum of $5,000, which, in addition to the statutory commissions, he reported as taxable income but subject to the allocation permitted by section 107. It is the $5,000 payment which petitioner now contends was not income, and which requires our determination in the light of the narrow test which the cases establish in such situations as the present. The authority which we think disposes of that issue in petitioner's favor is Bank of New York, Executor, v. Helvering (C.C.A., 2nd Cir.), 132 Fed. (2d) 773. *316 [Opinion] The similarity of that case, which in fact respondent makes no effort to distinguish, arises both from the language of the provision there applicable and from the framework of the dispute. The will provided: "* * * I direct that each of them so specifically named above by me as executors and trustees shall receive, and I give to each of them in lieu of statutory commissions for his services five (5%) per cent of the principal of my estate and five (5%) per cent each year upon the income." The court construed this language "as though the phrase read: 'I give to each of them for his services in lieu of statutory commission.'" The taxpayer there con tended that only an amount equal to the statutory commissions was income, but respondent treated the difference between the statutory commissions and the 5 per cent as being likewise compensation for services. Judge LEARNED HAND, for the Circuit Court of Appeals, in deciding for the taxpayer viewed the question as controlled by United States v. Merriam, 263 U.S. 179, where the testator had appointed certain of his legatees to be the executors and provided: "The bequests herein made to my said executors *317 are in lieu of all compensation or commissions to which they would otherwise be entitled as executors or trustees." It was assumed in the Merriam case: "* * * that, although the executors were obliged in good faith to qualify in order to become entitled to the legacies, they needed to do no more. In the district court I [Judge Hand] had thought that the legacies were within the statutory phrase, 'compensation for personal service,' because the testator had bequeathed them to some extent - 'in part, anyway' - as compensation for services which he expected the executors to render; but the Supreme Court held that the test was, not whether the testator gave the legacies for services, but whether the legatees had to perform the services in order to earn the bequests. * * *" [Bank of New York v. Helvering, supra, 685]. Cf. Ream v. Bowers (C.C.A., 2nd Cir.), 22 Fed. (2d) 465. Although the Bank of New York case was a reversal of a memorandum opinion of the Tax Court, it was followed in Commissioner v. Estate of George #c. s/mith, Jr. ( C.C.A., 2nd Cir.), 141 Fed. (2d) 494, affirming another memorandum opinion of the Tax Court in which the *318 language of the will was "I give and bequeath to my son, GEORGE C. SMITH, JR., the sum of Twenty-five Thousand Dollars ($25,000), and to my son-in-law, ARTEMAS HOLMES, the sum of Twenty-five Thousand Dollars ($25,000), in case they shall accept the trusts hereunder and prove my Will, the said sums to be received and accepted by them respectively in lieu of commissions as Executors and Trustees." See also J. Edward Murray, 38 B.T.A. 26. Applying the test laid down in the Merriam case, which was viewed as pivotal in Bank of New York v. Helvering, supra, [1] we conclude that the will as a whole, the language of the specific provision, and the surrounding circumstances are reasonably to be viewed as requiring only that decedent become "trustee," but thereupon to "give and bequeath" the sum in question to him to "be retained" without the requirement that he perform any particular services and without the consequence that the payment amounted to compensation for any such services. Confirmation is found in the approval by the Surrogate's Court of decedent's accounting, in which he was awarded the statutory commissions but which showed that he had previously *319 and without specific order of the Surrogate paid to himself as a legacy the amount now in controversy. Concluding as we do that the payment in question was a bequest and not taxable income, it becomes unnecessary to dispose of the applicability of section 107. Decision will be entered for the petitioner. Footnotes
1. "* * * It is perhaps unnecessary to add that we have assumed with the Tax Court that United States v. Merriam, supra, still governs such situations; if it is to be overruled, the Supreme Court, not we, must overrule it." Bank of New York v. Helvering, supra, 775↩.