## McLARRY v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Fifth Circuit. February 11, 1929.

No. 5374.

Walter M. Van Nort, of Dallas, Tex., for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue and V. J. Heffernan, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and Sewall Key and J. H. McEvers, Sp. Asst. Attys. Gen., for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. Petitioner and her husband, both residents of Texas, filed separate income tax returns for the year 1924, the petitioner reporting as income $9,188, which was one-half of the earnings of her husband for personal services performed by him, and in computing her tax in her return she claimed credit on the basis of the entire sum of $9,188 being earned income, under the provision of section 209 of the Revenue Act of 1924. 43 Stat. 263. The Commissioner determined a deficiency of tax, as a result of holding that petitioner's earned income was $5,000, instead of $9,188. The Board of Tax Appeals sustained that ruling.

It was not questioned, and was not fairly open to question, that the amount received in the year 1924 as compensation for personal services rendered by petitioner's husband was income of a Texas marital community, in the income of which petitioner had a vested interest, as distinguished from an expectancy, and that one-half of that amount was properly returnable as income by the petitioner. Revenue Act of 1926, § 1212, 44 Stat. pt. 2, p. 130 (26 USCA § 964a); Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 4622.

The Revenue Act of 1924 contains the following: "Sec. 209(a). For the purposes of this section—(1) The term 'earned income' means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered, but," etc. "(3) * * * If the taxpayer's net income is not more than $5,000, his entire net income shall be considered to be earned net income, and if his net income

is more than $5,000, his earned net income shall not be considered to be less than $5,000. In no case shall the earned net income be considered to be more than $10,000. (b) In the case of an individual the tax shall, in addition to the credits provided in section 222, be credited with 25 percentum of the amount of tax which would be payable if his earned net income constituted his entire net income; but in no case shall the credit allowed under this subdivision exceed 25 percentum of his tax under section 210.".

Under the ruling complained of, only that part of petitioner's net income, $5,000, was treated as earned income which the statute requires shall be considered as earned net income; the remainder being treated as other than earned income, though the amount of it was received as compensation for personal services actually rendered. An effect of the statute is to create a discrimination in favor of earned income—the rate of tax on earned income being made lower than the rate on other income subject to normal tax. The discrimination is between income received as compensation for personal services actually rendered and income received from property or investments or a source other than personal services actually rendered.

There is ground for inferring that the basis of discrimination is differences between means whereby income is acquired. Certainly it is not plain, from the language of the statute, that for an amount received as compensation for personal services actually rendered to be included in earned income such services must have been actually rendered by the taxpayer, who was entitled to that amount upon the receipt of it. As the amount returned by the petitioner as earned income was received as compensation for personal services actually rendered, it was within the language of the provision of the statute stating what "earned income" means, though such services were rendered by petitioner's husband, and not by herself. In case of doubt as, to the meaning of statutes levying taxes, they are construed most strongly against the government, and in favor of the citizen. Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211; United States v. Merriam, 263 U. S. 179, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547. A result of the change in the law effected by the above-quoted statute being that earned income is taxed at one rate and other income at a higher rate, and the language used in defining earned income not being inconsistent with the existence of an intention to include in earned income an amount received as compensation for personal services actually rendered, though not by the taxpayer, the intention to apply the higher rate to such income is not clearly disclosed. Though the meaning of the provision as applicable to the amount in question is not free from doubt, we are of opinion that the doubt should be resolved in favor of the taxpayer, with the result of treating such amount as earned income subject to the lower tax rate.

The petition is granted, and the order complained of is reversed.