CHARLES POMEROY WARNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Warner v. Commissioner
Docket No. 31256-85.
United States Tax Court
T.C. Memo 1987-219; 1987 Tax Ct. Memo LEXIS 219; 53 T.C.M. (CCH) 703; T.C.M. (RIA) 87219; April 29, 1987. Charles Pomeroy Warner, pro se. Ramon Estrada, for the respondent. GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d)(3) of the Internal Revenue Code of 1954 (redesignated section 7443A(b)(3) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1]
*221 Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1981 in the amount of $732.00. The sole issue for our determination is whether petitioner realized additional community property income in 1981 with respect to wages earned by his wife Anna M. Warner (Anna). Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein. Petitioner resided in San Antonio, Texas at the time he filed his petition with the Court. Petitioner filed his U.S. Individual Income Tax Return for the taxable year 1981 with the Internal Revenue Service Center at Austin, Texas and claimed his filing status as "married filing separately". Petitioner and Anna were married for the entire calendar year 1981. Anna was employed during 1981 and earned salary income. In November 1981, petitioner moved to a separate apartment and Anna continued to live at petitioner's house in San Antonio, Texas until June 1, 1982. On May 6, 1982, the District Court for the 57th Judicial District, Bexar County, Texas, entered a decree of divorce ending petitioner's and Anna's marriage. On his 1981 individual Federal income tax return petitioner *222 reported $10,860.84 in wages earned from various jobs and adjusted gross income of $5,501.54. He did not include any income earned by Anna although he knew she was employed. In a notice of deficiency dated May 14, 1985, respondent determined that petitioner had not reported $3,725.60 in community property income for 1981. [2] Petitioner's arguments here are two-fold: first, he contends that he cannot meet his burden of proving that respondent's determination is erroneous because he was denied access to Anna's 1981 income tax return; second, he maintains that the Texas courts have invalidated the concept of community property by failing to insure that the law is universally applied. *223 Texas is a community property state. Tex. Fam. Code Ann, sec. 5.01 et seq. (Vernon 1975); Lange v. Phinney,507 F.2d 1000, 1005 (5th Cir. 1975). A spouse in a community property state, such as Texas, is liable for the Federal income tax on one-half of the community property share realized during the existence of the community. United States v. Mitchell,403 U.S. 190 (1971). Thus, one-half of Anna's wages is income to petitioner, her husband during 1981, and is properly reportable by him. McLarry v. Commissioner,30 F.2d 789 (5th Cir. 1929); Smith v. Commissioner,T.C. Memo. 1982-140, affd. without published opinion 698 F.2d 1215 (5th Cir. 1983); and see Hill v. Commissioner,32 T.C. 254 (1959). For 1981, respondent has added together the wages earned by both petitioner and Anna and divided by two, thus apportioning one-half of the total to petitioner. Although petitioner and Anna filed separate Federal income tax returns for 1981 as residents of Texas, a community property state, each was required to report one-half of the community earnings. Bowling v. United States,510 F.2d 112 (5th Cir. 1975). *224 Petitioner contends he cannot meet his burden of proof because respondent has denied him access to Anna's 1981 income tax return. As was explained to petitioner, section 6103(a) provides that income tax returns and return information are confidential and, except as authorized, no officer or employee of the United States shall disclose any return or return information obtained by him in any manner. Sections 6103(c) and (e) provide that an individual's tax return shall, upon written request, be open to inspection by, or disclosed to, a designee of the taxpayer or the taxpayer. Further, section 7431 provides for civil damages for unauthorized disclosure of returns and return information. Respondent acted properly in this matter by refusing to disclose Anna's 1981 income tax return to petitioner. The notice of deficiency sets forth explicitly the nature of respondent's determination. If petitioner wanted Anna to testify at trial and/or produce her 1981 income tax return, he could have had a subpoena issued to her pursuant to Rule 147. Petitioner also contends that the Texas state court decree dividing petitioner's and Anna's marital community property upon their divorce ignored *225 and invalidated Texas' community property rules by awarding Anna 84 percent, based on petitioner's calculations, of the marital community property. Petitioner has not established that the applicable Texas community property statute has been repealed and Texas remains to this date a community property state. If petitioner has any complaint with the division of community property in his decree of divorce, he should seek an appeal in the applicable state court. This Court is not the proper forum to contest or retry his divorce. Further, section 66 which provides some relief for attributing community income between spouses, does not apply here. First, petitioner does not meet the requirements of section 66(a) because he and Anna did not live apart at all times during the calendar year 1981. Second, petitioner does not meet the requirements of section 66(c) because he knew that Anna worked during 1981 and that she earned community income. [3] Accordingly, respondent's determination is sustained. Decision will be entered *226 for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and as in effect in the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent calculated this figure by determining that petitioner and Anna had $20,448.23 in adjusted gross community property income and by then allocating one-half of this amount or $10,224.12 to petitioner. From this figure, respondent then deducted $996.98 representing petitioner's one-half share of excess itemized deductions claimed by Anna for a net figure of $9,227.14 as petitioner's taxable community property income. Respondent then reduced this amount by $5,501.54, the income petitioner reported on his return, resulting in the $3,725.60 adjustment to petitioner's income for 1981. Respondent also allowed petitioner an additional $398.36 income tax withholding credit based on Anna's withholding for 1981.↩
3. Section 66(c), added by section 424(b)(1) of the Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 494, 802, retroactively applies to the year in issue.↩